UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NATHANIEL ORTIZ,

                      Petitioner,

    -against-                                    9:17-CV-559 (LEK)

WARDEN BRECKON,

                      Respondent.
_____

**DECISION AND ORDER**

**I.   INTRODUCTION**

Petitioner Nathaniel Ortiz, presently in the custody of the Federal Bureau of Prisons ("BOP"), seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the BOP's computation of his sentence. Dkt. Nos. 1 ("Petition"), 1-1 ("Memorandum"). Respondent Warden Breckon opposes the Petition, Dkt. Nos. 10 ("Response"), 10-1 to -14 ("Exhibits"), and Petitioner filed a reply, Dkt. No. 12 ("Reply"). For the reasons that follow, the Petition is denied.

**II.   BACKGROUND**

On June 6, 2008, Petitioner was sentenced to nine years' imprisonment following his conviction for attempted murder in the second degree in the New York State Supreme Court, Bronx County. Response at 1; Dkt. No. 10-3 ("Exhibit B"). On July 3, 2008, Petitioner was temporarily transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum to answer unrelated federal criminal charges. Dkt. No. 10-1 ("Johnson Declaration") ¶ 7; Dkt.

No. 10-6 ("Exhibit E") (Judgment, United States v. Ortiz, No. 08-CR-548-01 (S.D.N.Y. Nov. 11, 2009), ECF No. 200).[1]

On October 28, 2009, the Honorable Denny Chin, then-United States District Judge of the Southern District of New York, sentenced Petitioner to life imprisonment following his conviction for conspiracy to distribute and possess with intent to distribute "crack" cocaine and a related firearm charge. Johnson Decl. ¶ 8; Ex. E; Dkt. No. 10-9 ("Exhibit H") at 2–3. The federal judgment did not state whether his life sentence would run consecutively or concurrently with his nine year state sentence, but the court recommended that Petitioner "be returned to the state facility to complete his state sentence" and "be designated to a facility in the North East region to serve his federal sentence." Ex. E at 3. New York State authorities retained primary jurisdiction over Petitioner while he was in federal custody pursuant to the writ, and the United States Marshals Service returned him to state custody after his federal proceedings to continue service of his state sentence. Johnson Decl. ¶ 8. On December 3, 2015, Petitioner was released on parole from the New York State Department of Corrections and Community Supervision ("DOCCS") to the Marshals Service to commence his federal sentence. Id. ¶ 9. Service of his federal life sentence was computed as commencing on that date. Id. ¶ 10.

In April 2012, before he completed serving his state sentence, Petitioner filed a motion in the Southern District pursuant to 18 U.S.C. § 3582, requesting that the court (1) re-sentence him under the Fair Sentencing Act to a term of 360 months' incarceration, and (2) order that his

---

[1] Petitioner asserts that he was transferred to a federal holding facility on July 7, 2008, rather than July 3. Mem. at 3. To the extent that the parties disagree on the date of Petitioner's temporary transfer to federal custody in July 2008, the disagreement is not material to the Court's disposition of the Petition.

federal sentence run concurrent to his state sentence. Ex. H; Mot., Ortiz, No. 08-CR-548 (S.D.N.Y. Apr. 16, 2012), ECF No. 274. Judge Chin granted Petitioner's motion to reduce his sentence to 360 months' imprisonment, but denied his request to order that the sentence run concurrent to his state sentence. Ex. H at 7.

### III.   THE PETITION

On July 27, 2016, Petitioner requested "time credit under 'nunc pro tunc' status" for the time during which he was temporarily held in federal custody to answer to his federal charges by filing a request for administrative relief. Mem. at 4, 7. On July 28, 2016, Petitioner's request was denied because, during that period, he was "technically 'in service' of [his] New York State sentence, and policy prohibits applying such credit when the time is applied towards another sentence." Id. at 7. Petitioner appealed the determination and, on February 23, 2017, the appeal was denied because "[t]he sentencing Court has been clear in its intent that [his] federal sentence be served consecutively to [his] state term." Id. at 10.

Petitioner argues that, in denying his request for a nunc pro tunc designation of his state facility as his place of federal confinement, the BOP abused its discretion because it failed to consider the factors set forth in 18 U.S.C. § 3621(b). Pet. at 6; Mem. at 3–5; Reply at 2–4. He requests an order granting him "credit under nunc pro tunc status from the date [o]n which he was transferred to a federal facility MCC New York [on] July 7, 2008[,] up until the time he was released from state custody to federal custody," or, in the alternative, "credit from July 7, 2008, up until December 9, 2009." Mem. at 5. Respondent argues that, because Judge Chin ordered that Petitioner's federal sentence run consecutive to his earlier-imposed state sentence, he was not entitled to a nunc pro tunc designation. Response at 3–4. Additionally, Respondent argues that

Petitioner already received credit against his state sentence for the time during which he was temporarily released to federal custody, precluding an award of prior custody credit for that time period. Id. at 4 (citing § 3585(b)).

## IV.  DISCUSSION

Habeas corpus relief is available if a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States[.]" § 2241(c)(3). A petition is properly brought pursuant to § 2241 where a federal prisoner challenges the execution of his or her sentence, rather than the imposition of the sentence. Adams v. United States, 372 F.3d 132, 134–35 (2d Cir. 2004); Jiminian v. Nash, 245 F.3d 144, 146–47 (2d Cir. 2001). Execution of a sentence includes, among other things, the computation of the sentence, and thus a § 2241 petition is the proper means to challenge the computation. Adams, 372 F.3d at 135 (citing Nash, 245 F.3d at 146).

"The Attorney General, through the BOP, possesses the sole authority to make credit determinations pursuant to 18 U.S.C. § 3585(b)[.]" United States v. Whaley, 148 F.3d 205, 206 (2d Cir. 1998) (collecting cases). 18 U.S.C. § 3584(a) provides in part that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." This provision notwithstanding, the Second Circuit has held that the BOP has the authority, pursuant to 18 U.S.C. § 3621, to retroactively "designate the state facility in which the prisoner was serving his state sentence as the place of federal confinement—with the result that, if the BOP made such a designation, the prisoner's sentences would effectively run concurrently." Abdul-Malik v. Hawk-Sawyer, 403 F.3d 72, 75 (2d Cir. 2005) (citing McCarthy v. Doe, 146 F.3d 118, 122–23 (2d Cir. 1998) and Barden v. Keohane, 921 F.2d 476,

4

478 (3d Cir. 1990)); see also Setser v. United States, 566 U.S. 231, 235–36 & n.1 (2012) (explaining that although the federal sentencing judge has authority to determine whether sentences should run consecutively or concurrently pursuant to § 3584, § 3621(b) confers authority to the BOP to determine the facility in which a prisoner's federal sentence will be served, including nunc pro tunc designations either while the prisoner is in state custody or when he or she enters federal custody).[2] "The [BOP's] decision regarding nunc pro tunc designation is reviewed for abuse of discretion." Jennings v. Schult, 377 F. App'x 97, 98 (2d Cir. 2010) (summary order) (citing McCarthy, 146 F.3d at 123 n.4).[3]

The Court concludes that the BOP did not abuse its discretion in denying Petitioner's request to designate his state facility as his place of federal confinement, either for the duration of his state custody or for the period that he was temporarily transferred to federal custody. As noted above, the 2009 federal sentencing judgment is silent as to the manner in which Petitioner's federal sentence was to run relative to his state sentence. Ex. E. "If the district court's judgment is silent on this issue, the court's silence is construed as an intent to impose a consecutive sentence, and the federal sentence commences only when primary state custody over the

---

[2] In Setser, the Supreme Court noted that § 3621(b) is "a conferral of authority on the [BOP], but does not confer authority to choose between concurrent and consecutive sentences," which is "the sort of decision committed to the district court in § 3584(a)." 566 U.S. at 239.

[3] Section 3621(b) provides that the BOP may designate, as the place of a prisoner's imprisonment, "any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau," whether the facility is "maintained by the Federal Government or otherwise." BOP must consider five factors in determining the facility: (1) the contemplated facility's "resources"; (2) "the nature and circumstances" of the prisoner's offense; (3) the prisoner's "history and characteristics"; (4) any statement by the sentencing court "concerning the purposes for which the sentence to imprisonment was determined to be warranted" or recommending a type of facility as appropriate; and (5) "any pertinent policy statement issued by the Sentencing Commission." § 3621(b)(1)–(5).

defendant is relinquished." Clapper v. Langford, 186 F. Supp. 3d 235, 238 (N.D.N.Y. 2016) (Kahn, J.) (citing § 3584(a)); see also § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.")). Notably, in his May 30, 2013 order re-sentencing Petitioner to 360 months, Judge Chin explicitly denied Petitioner's request to order that his federal sentence run concurrent to his state sentence. Ex. H at 7. "[T]he BOP lacks . . . authority [to designate, nunc pro tunc, the state facility as a federal prison] when the federal sentencing court imposes sentence after the state and fails to note whether a sentence should be consecutive or concurrent." Jennings, 377 F. App'x at 98; see also Setser, 566 U.S. at 239 ("When § 3584(a) specifically addresses decisions about concurrent and consecutive sentences, and makes no mention of the [BOP's] role in the process, the implication is that no such role exists.").

In sum, the Southern District imposed sentence after the state court, initially failed to note whether the sentence should run consecutive to or concurrent with the state sentence, and, thereafter, stated explicitly that the sentence should run consecutively. The BOP plainly considered the federal sentencing court's judgment in making its determination. Because the BOP lacked authority to designate the state facility as Petitioner's place of federal confinement—thereby causing his sentences to run concurrently, defying the federal sentencing court's intent—it did not abuse its discretion by denying Petitioner's request for a nunc pro tunc designation. See Jennings, 377 F. App'x at 98 ("[B]ecause Appellant was subject to an undischarged state term of imprisonment at the time the federal court resentenced him, and because the federal court did not direct that its sentence should run concurrently, the statute required that the sentence run consecutively, and the [BOP] was without authority to direct

otherwise."); Wright v. Hudson, No. 12-CV-1638, 2015 WL 5971055, at *4 n.4 (N.D.N.Y. Oct. 14, 2015) ("The BOP does not have authority to decide whether a sentence should run concurrently or consecutively to other sentences where the statutory presumptions of 18 U.S.C. § 3584(a) are applicable," i.e., where "a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment." (quoting § 3584(a))).

Moreover, the BOP properly denied Petitioner's request for credit against his federal sentence for time served while he was temporarily held at a federal facility pursuant to a writ of habeas corpus ad prosequendum. "Under 18 U.S.C. § 3585(b), federal defendants may receive credit for time spent in official detention before the date the federal sentence commences" if either "(1) the detention was the result of the offense for which the federal sentence is ultimately imposed," or "(2) the detention was the result of other charges for which the defendant was arrested after the commission of the offense for which the sentence was imposed, as long as that time has not been credited against another sentence." Clapper, 186 F. Supp. 3d at 239. "Time that has been credited to a state sentence may not also be credited toward a federal sentence because § 3585(b) prohibits defendants from receiving 'double credit for [their] detention time.'" Id. (alteration in original) (quoting United States v. Wilson, 503 U.S. 329, 337 (1992)); see also Cruz v. Walsh, 633 F. App'x 794, 794–95 (2d Cir. 2015) (summary order) ("New York gained primary jurisdiction over Cruz when he was arrested pursuant to a New York warrant, retained that jurisdiction throughout his federal proceedings, and did not relinquish that jurisdiction until he had completed his state sentences."). Here, because Petitioner's temporary transfer to federal custody did "not shift the primary jurisdiction of custody to federal authorities," and he continued to earn credit toward his state sentence, Johnson Decl. ¶¶ 7, 10, the BOP did not abuse its

discretion in denying his request for credit against his federal sentence for the same time period, see, e.g., Gonzalez v. United States, No. 03-CV-359, 2005 WL 3543699, at *2 (S.D.N.Y. Dec. 28, 2005) ("Gonzalez will receive credit against his state sentence for the time between his transfer to the custody of the U.S. Marshals Service and the imposition of his federal sentence, since 'transfer of an inmate to federal court pursuant to a writ of habeas corpus ad prosequendum does not amount to a relinquishment of primary jurisdiction.'" (quoting Rosemond v. Menifee, 137 F. Supp. 2d 270, 273 (S.D.N.Y. 2000))).[4]

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Petition (Dkt. No. 1) is **DENIED and DISMISSED** in its entirety; and it is further

**ORDERED**, that no Certificate of Appealability ("COA") shall issue because Petitioner failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires;[5] and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

---

[4] Petitioner has not argued that the time during which he was temporarily transferred to a federal facility to address his federal charges was not credited against his state sentence.

[5] Miller-El v. Cockrell, 537 U.S. 322, 336–37 (2003).

**IT IS SO ORDERED.**

DATED:       January 22, 2018
             Albany, New York

Lawrence E. Kahn
U.S. District Judge